1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   GARY J. TAYLOR,                    )   No. CV 16-5312 FFM
                                        )
12              Plaintiff,              )   MEMORANDUM DECISION AND
                                        )   ORDER
13        v.                            )
                                        )
14   NANCY A. BERRYHILL, Acting         )
     Commissioner of Social Security,   )
15                                      )
                Defendant.              )
16   _____)

17        Plaintiff, Gary J. Taylor ("Plaintiff"), brings this action seeking to overturn the

18   decision of the Commissioner of the Social Security Administration[1] denying his

19   applications for Disability Insurance benefits ("DIB") and Supplemental Security

20   Income benefits ("SSI").  Plaintiff and defendant consented to the jurisdiction of the

21   undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkts. 9,

22   14.)  Pursuant to the Case Management Order issued on August 8, 2016, on November

23   28, 2017, the parties filed a Joint Stipulation ("JS") detailing each party's arguments

24   and authorities.  (Dkt. 34.)

25   / / /

26   _____

27        [1]  Nancy A. Berryhill became Acting Commissioner of the Social Security
     Administration on January 23, 2017, and is hereby substituted as defendant pursuant
28   to Federal Rule of Civil Procedure 25(d).

                                           1

The Court has reviewed the administrative record (the "A.R.") and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is affirmed.

## I. PRIOR PROCEEDINGS

Plaintiff Gary John Taylor filed applications for DIB and SSI on March 21, 2014, alleging disability beginning December 31, 2008. (A.R. 18.) His applications were denied initially and upon reconsideration. *Id.* Thereafter, Plaintiff requested a hearing before an administrative law judge ("ALJ"). *Id.* On December 9, 2015, ALJ Edward C. Graham held a hearing. (A.R. 33-47.) Plaintiff was present with counsel at the hearing and testified. *Id.* On January 27, 2016, the ALJ issued an unfavorable decision denying Plaintiff benefits. (A.R. 15-28.) The ALJ concluded that Plaintiff is not disabled, reasoning that Plaintiff could perform medium work. *Id.* In reaching this determination, the ALJ discredited Plaintiff's pain testimony. *Id.* On May 20, 2016, the Appeals Council denied review. (A.R. 1-3.) Thereafter, on July 18, 2016, Plaintiff initiated this action. (Dkt. 1.)

## II. CONTENTIONS

Plaintiff raises one contention in this action:

1. Whether the ALJ properly considered Mr. Taylor's testimony.

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

/ / /

If the evidence in the record can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)). However, even if substantial evidence exists to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

## IV. DISCUSSION

ALJs engage in a two-step analysis to determine whether a claimant's subjective complaints about the severity of his symptoms are credible. First, the ALJ must determine whether the claimant has produced evidence of an impairment that is reasonably likely to cause the alleged symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 349 (9th Cir. 1991) (en banc). If the claimant satisfies the first prong of the analysis, he is not required to produce medical evidence supporting his symptoms' alleged severity. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citations omitted). Rather, the ALJ moves onto the second step and may discredit the claimant's subjective complaints only upon: (1) finding affirmative evidence of malingering or (2) providing clear and convincing reasons for discrediting the claimant. *Smolen*, 80 F.3d at 1281. "The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for discrediting his testimony. To support this contention, Plaintiff references evidence that points in favor of his testimony. However, it is up to the ALJ to decide the issue where the evidence conflicts. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (reasoning that where the ALJ's interpretation is rational, the court must uphold the decision, even though there might be another rational interpretation more favorable to the plaintiff) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("We must uphold the ALJ's decision where the evidence is susceptible to more than one

rational interpretation")); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) ("[i]f the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing"). The reasons provided by the ALJ are clear and convincing and supported by the medical evidence on file.

First, the ALJ notes that the objective evidence on record, including treatment records, "suggest that the claimant's symptoms and limitations are not as severe as he alleges." (A.R. 23-26.) The ALJ appropriately considered this as a factor in his decision. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999) (reasoning that the conflicts between the subjective complaints and objective medical evidence on the record constituted specific and substantial reasons to doubt the claimant's credibility).

Indeed, none of the clinical and diagnostic findings supports the more restrictive functional limitations claimed by Plaintiff, except for the opinion of Plaintiff's treating physician, Dr. Gersti. (A.R. 369-375.) The ALJ gave little weight to Dr. Gersti's opinion, reasoning that it was "brief, conclusory, and inadequately supported by clinical findings." (A.R. 25-26.) This conclusion is appropriate given that the opinion comprised merely a perfunctory four-page form with check-marked and circled diagnosis and an occasional one to four word remark. (A.R. 369-375.)

Second, the ALJ notes that the "claimant has received routine and conservative treatment for his complaints of debilitating pain." (A.R. 25.) The Ninth Circuit has repeatedly held that a plaintiff's course of treatment is relevant to the ALJ's credibility determination; thus, it was valid for the ALJ to rely on this reasoning to reject Plaintiff's testimony. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) ("[I]f a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint

unjustified or exaggerated . . . ."); *Tommasetti v. Astrue,* 533 F.3d 1035, 1039-40 (9th Cir. 2008) (reasoning that because the plaintiff "responded favorably" to treatment, the ALJ could find that the plaintiff's subjective complaints about the disabling nature of his pain were not supported by the record); *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits"), *citing Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (affirming a denial of benefits and noting that the plaintiff's impairments were responsive to medication); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (reasoning that "conservative treatment" "suggest[ed] a lower level of both pain and functional limitation").

Finally, the ALJ noted that "[d]espite his impairments, the claimant has engaged in a somewhat normal level of daily activity and interaction." (A.R. 24). The ALJ concluded that although Plaintiff reported decreased motivation resulting from his depression, his own testimony showed that he was still able to perform activities that were "the same as those necessary for obtaining and maintaining employment." *Id.* It is appropriate for the ALJ to consider these inconsistencies in reaching his decision. *See e.g. Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (reasoning that ALJ properly considered activities with skills that could be transferred to the workplace); *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly recognized daily activities that suggested "that [the plaintiff's] later claims about the severity of his limitations were exaggerated"); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citing *Valentine*, 574 F.3d at 693).

The ALJ also mentions other evidence that he considered in reaching an unfavorable decision, including that Plaintiff had a sporadic work history, and that he made inconsistent statements on the record. (A.R. 23-26.) Although the ALJ did not develop this reasoning to the extent necessary to rely on solely them to reach an

unfavorable decision, the basis for discounting Plaintiff's testimony discussed at length above are sufficient to support the ALJ's determination. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("If the ALJ's finding is supported by substantial evidence, the court 'may not engage in second-guessing.'"); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

## V. CONCLUSION

For the foregoing reasons, the judgment of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: April 24, 2018

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge